Vincent A. Ltjpiano, J.
Plaintiff moves for a temporary injunction restraining the defendants from designating or characterizing the Tompkins Square Area as ‘ ‘ desirable and logical for renewal ” or from filing any application with the Federal Government for survey and planning funds for an urban renewal *210 project, and if such, application has been made and funds have been granted, from taking any action in connection with such proposed urban renewal project until the defendants, the City Planning Commission and the Housing and Redevelopment Board, have complied with the provisions of section 72-m of the General Municipal Law in force and effect on February 23,1961.
The Housing and Redevelopment Board was established pursuant to section 20-d of the General City Law by Executive Order No. 77. It authorized New York City to establish a municipal housing agency to administer programs pertaining to slum clearance, slum prevention, urban renewal, neighborhood conservation and related programs. The Housing and Redevelopment Board absorbed the functions of the Committee on Slum Clearance, Urban Renewal Board, Neighborhood Conservation Board and activities of other agencies relating to housing. The board was made a permanent department of the city government by chapter 375 of the Laws of 1961 (New York City Charter, eh. 54).
In January, 1961 the City Planning Commission had submitted its advisory recommendation to the Housing and Redevelopment Board for a proposed urban renewal project in the Tompkins Square area. The recommendation, it appears, was based on studies of the subject area and on reports of the commission made after public hearings and issued in December, 1954 and again in April, 1959, when certain areas were designated on the Master Plan of the City of New York, including the Tompkins Square Area, as substandard and insanitary and suitable for clearance and redevelopment for predominantly residential use. Acting thereon, the Housing and Redevelopment Board submitted in February, 1961 a request to the Board of Estimate to authorize the board to make application to the Federal Housing and Home Finance Agency for an advance of funds for a survey and plan for the preparation of a renewal project in the area. The Board of Estimate adopted a resolution on February 23, 1961 authorizing such action. Thus, as urged by the defendants, they were proceeding under section 72-k of the General Municipal Law and not section 72-m, as contended by the plaintiff. Further, it appears that, pursuant to the findings of the City Planning Commission that the area is substandard and insanitary and suitable for residential development, the Housing and Redevelopment Board elected to proceed with the project under section 72-k and the application before the Board of Estimate for authority to file and the resolution adopted by the board on February 23, 1961 approving such action, conformed to the provisions of subdivision 3 of section *211 72-k of the General Municipal Law. The defendants correctly contend that there is no requirement in section 72-k for the prior designation of an area for redevelopment by the City Planning Commission after public hearing thereon, nor is it a prerequisite for the application to the Board of Estimate for authority to make application to the Federal Government for an advance planning contract or the acceptance of funds thereunder. In fact, section 72-k of the General Municipal Law was repealed by the provisions of section 525 of the General Municipal Law, added by chapter 402 of the Laws of 1961, and section 523 thereof authorizes the continuation of any urban renewal project instituted prior to the enactment of chapter 402, effective April 11, 1961. All proceedings, acts or things instituted pursuant to section 72-k of the General Municipal Law are validated by section 524 of the General Municipal Law, as added by chapter 402. Moreover, the subject project was initiated in January, 1961 upon the recommendation of the City Planning Commission to the Housing and Redevelopment Board. Defendants assert and undertake to afford full opportunity to all neighborhood groups and interested parties to discuss existing conditions and needs in the area and to submit various proposals for appropriate methods of redevelopment to the board. Plaintiff and all interested parties will be afforded opportunity to be heard before definite action is taken. Further, the defendants assert and undertake that if, after completion of the studies, it is determined that an appropriate plan for the area is desirable, such plan would then have to be submitted to the City Planning Commission for its review, approval and consent to acquisition of the property required for the clearance, replanning, reconstruction and neighborhood rehabilitation in a substandard and insanitary area, as required under subdivision 2 of section 72-k of the General Municipal Law, at which time a public hearing will be held by the City Planning Commission and as well thereafter by the Board of Estimate.
In all the circumstances, it is clear that the defendants have not proceeded contrary to law and have undertaken to and will proceed in accordance with the law with full and required hearings and notice thereof and consents. It appears that the City Planning Commission on two separate occasions held public hearings, amended the Master Plan of the city, and each time added the subject area as a substandard and insanitary area, as distinguished from a deteriorating area and as an area nonresidential in character containing a scattering of residential walk-up structures of generally poor physical quality.
*212 In all the circumstances, plaintiff’s motion for temporary injunction is denied and the defendants ’ cross motion is granted, with direction for the entry of judgment declaring the actions thus far taken by the defendants to be valid and in consonance with law.